\* IN THE MATTER OF THE MAYOR, ETC., OF THE CITY OF NEW YORK TO ACQUIRE TITLE FOR PUBLIC PARKS, ETC.

*Laying out the route of a railroad does not prevent, before proceedings are taken to condemn the land, the sale thereof by the owner — right to take such land for another public use.*

The fact that the route of a railroad company has been laid out over a piece of land does not preclude the owner thereof, prior to proceedings being taken for the condemnation of the land, from making a sale of it.

Until the land has been actually appropriated an owner has the right to sell it, and the legislature has the power to compel a sale thereof by the owner for a public use.

Where a road has actually been constructed, its land cannot be withdrawn from the public use made thereof by the railroad company without specific legislation to that effect; but where the rights of the railroad are inchoate a report of the commissioners, appointed to condemn such lands for another public use, will be confirmed, subject to the rights of the railroad, if any exist, to acquire title thereto.

MOTION made, January, 1889, to confirm the report of Luther R. Marsh and others, commissioners of estimate appointed in the above-entitled matter.

The question presented in this matter was whether the proposed or projected route of the Suburban Rapid Transit Company, within the lines of the territory to be taken for the new parks to be created for the city of New York, was exempt from condemnation for the purpose of such parks.

The Suburban Rapid Transit Company was formed under the rapid transit act (Laws of 1875, chap. 606). Its articles of association were filed in October, 1880, and subsequently, in the same month, a map of the projected route of the Suburban Rapid Transit Company was filed. This proposed route extends into the territory of what is known as the Bronx Park, St. Mary's Park and Cretona Park.

The act authorizing the condemnation of lands for these new parks was passed on June 14, 1884, and on September nineteenth of that year commissioners were appointed by the Supreme Court to condemn the lands covered by the projected route of the Suburban

---

\* Decided January 18, 1889.

Rapid Transit Company within the lines of St. Mary's Park. These commissioners, having heard the evidence submitted on behalf of the railroad and of the owners, rendered their report in the spring of 1885, and this report was confirmed by order of the Supreme Court under date of May 4, 1885.

*B. N. Harrison*, for the Suburban Transit Company.

*Franklin Bartlett*, for the Mayor, etc.

PER CURIAM:

It would appear, from the discussion in regard to this question, that the position of the railroad companies is, that simply because a route has been laid over a person's lands the owner has no power to sell. We think that, until the land has been actually appropriated, an owner has the right to sell, and, until that has occurred, the legislature has the power to compel a sale by the owner for a public use. In both cases it is necessarily subject to vested rights which may have been acquired by preliminary proceedings, which are to culminate in the acquirement of the title. As to railroads which have been constructed, there is no question as to their lands being already taken. These lands cannot be withdrawn from the public railroad use without specific legislation on the subject; but where no lands have been acquired and the rights are inchoate, the owner may sell subject to the execution of the act as against his grantee. So a public use may be authorized and the lands taken and paid for, as an ordinary grantee might take and pay for them, subject to the execution of the original act; that is if the legislature intended such use to remain unimpaired. If it did not, the city takes absolutely for a public use; if it did, the city will have to yield the property reserved by implication. This would be a natural solution on the part of the legislature, where large blocks of land are involved, small parts of which are impressed with one use and the rest with another; there being necessarily great difficulty in specifying these small parcels in the act itself.

We think, therefore, that the proper disposition would be to confirm the report, subject to the rights of those railroads, if any exist, to acquire title to the lands, as against the city, embraced within their proposed route. If they have a right to so acquire, they have

it preserved; and that disposes of this whole question equitably, as between the parties, without impairing any vested rights acquired, and protecting the rights of the owners as against rights which may be claimed to exist, and which may finally appear never to have existed.

Present — Van Brunt, P. J.; Daniels and Barrett, JJ.